UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEBRE ADAMASU,

    Plaintiff,

v.                                                                                    Case No. 05-70389

GIFFORD, KRASS, GROH, SPRINKLE,                      HONORABLE AVERN COHN
ANDERSON & CITKOWSKI, P.C.; and
ELLEN S. COGEN,

    Defendants.

_____/

**MEMORANDUM AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

### I. Introduction

This is a legal malpractice case. Plaintiff Gebre Adamasu (Adamasu) is suing defendants (1) Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C. (Gifford Krass); and (2) Ellen S. Cogen (Cogen) for legal malpractice associated with defendants' representation of Adamasu for the prosecution of a patent.

Before the Court is Plaintiff's Motion to Remand. For the reasons that follow, the motion is GRANTED and this case is REMANDED to Oakland County Circuit Court.

### II. Background

### A. Factual Background[1]

Adamasu, a citizen of the Netherlands, is the owner of U.S. Patent No. 6,314,368 (the '368 Patent), titled "Vehicle Guidance System and Method Therefor." The

---

[1] The factual background is primarily gleaned from the complaint.

application for the '368 Patent was filed with the United States Patent and Trademark Office (USPTO) in November 1982.  The '368 Patent as issued lists the date of the patent as November 6, 2001.  Adamasu says the '368 Patent expired on November 8, 2002.

On June 7, 1995, a law firm apparently representing Adamasu filed a subsequent patent application, No. 08/487,672[2] (the '672 Application), on behalf of Adamasu. Adamasu says that the '672 Application "claimed priority on the earlier grandfathered application filed by plaintiff in November of 1982."  The filing of the '672 Application was intended to overcome a deadline imposed in the General Agreement on Tariffs and Trade (GATT), which the United States acceded to in 1995.  Specifically, GATT provided that any application for a U.S. patent filed on or after June 8, 1995, would expire twenty years from its priority date.  During a transition period to implement GATT, United States patent law provided that the life of issued patents and then-pending applications would expire 17 years from the date of issue or 20 years from the priority date claim, whichever was longer.  By filing the '672 Application on June 7, 1995, Adamasu sought to qualify the patent for a duration of 17 years after the date of issue, effectively extending the life of his patent.

On December 9, 1996, a patent examiner at the USPTO mailed a final rejection to the claims in the '672 Application.  On July 10, 1997, the USPTO mailed an abandonment of the application for failure to respond to the rejection.

On September 7, 2000, Adamasu entered into an attorney-client relationship with

---

[2] The complaint lists the application number as 08,847,672, but the USPTO lists the application number as 08/487,672.

defendants. He signed a power of attorney that gave defendants the authority to act on his behalf.[3] On September 15, 2000, defendants filed three items with the USPTO:

(1) a "Petition For Revival Of An Application For Patent Abandoned Unintentionally Under 37 CFR 1.137(b) (Small Entity)," Compl. Ex. A;

(2) a "Terminal Disclaimer To Accompany Petition," Compl. Ex. B; and

(3) a "Continued Prosecution Application (CPA) Request Transmittal (Small Entity)" under 37 C.F.R. § 1.53(d), Compl. Ex. C.

The USPTO on September 28, 2000, granted Adamasu's petition to revive, which revived the '672 Application "solely for the purposes of continuity." In its decision, the USPTO deemed the '627 Application to be abandoned in favor of the continued prosecution application that defendants filed on September 15, 2000.

Adamasu says that defendants' filing of the continued prosecution application has caused the '368 Patent to have a life of 20 years from the date of the original filing (November 8, 1982). Accordingly, Adamasu says the '368 Patent expired on November 8, 2002. As a result, Adamasu says that he has been denied the potential benefits of a patent that would have had a longer life, including a loss of royalties and licensing fees.

Adamasu says that defendants are guilty of negligence because they filed the continued patent application. He says that a patent practitioner of reasonable and ordinary skill and experience should have known that filing a continued patent application was not the appropriate response to the USPTO's office action regarding the

---

[3] The complaint does not contain factual allegations with respect to the subject matter or scope of defendants' representation of Adamasu.

'627 Application because it had the effect of shortening the life of the '368 Patent. He estimates his damages (consisting of a loss of royalties and licensing fees) to exceed five million dollars.

### B. Procedural Background

Adamasu filed his complaint on November 24, 2004, in Oakland County, Michigan, Circuit Court. Defendants filed a notice of removal with this Court on February 2, 2005. They say that the summons and complaint were served on Cogen on January 3, 2005.[4] Accordingly, defendants say their notice of removal is timely because it was filed within thirty days of Cogen's receipt of the summons and complaint. See 28 U.S.C. § 1446(b). Defendants say that the Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.[5] Specifically, defendants say that this case involves claims arising under federal law because Adamasu's right to relief under state law "requires resolution of the substantial question of Federal Law and dispute between the parties." Defendants do not make any statement with respect to diversity of citizenship jurisdiction in the notice of removal. Defendants say that because Adamasu claims defendants caused him to suffer lost royalties and licensing fees, Adamasu's case in

---

[4] The Court cannot verify defendants' claim that Cogen was served on January 3, 2005, because defendants did not file a copy of all process with the notice of removal, as is required under 28 U.S.C. § 1446(a) ("**A defendant or defendants desiring to remove any civil action** . . . from a State court **shall file** in the district court of the United States for the district and division within which such action is pending **a notice of removal** . . . **containing** . . . **a copy of all process**, pleadings, and orders served upon such defendant or defendants in such action.") (emphasis added).

[5] The notice of removal states that the Court has subject matter jurisdiction under 29 U.S.C. § 1338. This appears to be a typographical error, as there is no section 1338 in Title 29 of the United States Code. Rather, 28 U.S.C. § 1338 addresses federal jurisdiction over, inter alia, patent cases.

chief "will necessarily require a determination of the scope of the claims in [Adamasu's] patent." They say that, to establish damages, Adamasu must show that any company that would have paid him royalties or licensing fees is selling or has sold a product that infringes his patent.

### III. Discussion[6]

### A. Legal Standard

Under the "well-pleaded complaint" rule, a court generally looks only to the face of the complaint to determine whether a federal question exists. Louisville & N.R. Co. v. Mottley, 211 U.S. 149, 152 (1908). In 1983, the United States Supreme Court explained that

> lower courts [have] jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). "The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 813 (1986). Additionally, neither (1) the defendant raising a substantive federal

---

[6] Defendants did not follow the Court's motion practice guidelines. Defendants did not include their exhibits in a separate looseleaf notebook containing an index and tabs. They also did not highlight relevant portions of their exhibits. For the Court's motion practice guidelines, see http://www.mied.uscourts.gov/_practices/cohn/motion.htm.
   Additionally, defendants filed a sur-reply brief. They did not, however, comply with the Eastern District of Michigan's local rules regarding the filing of a sur-reply brief. Nothing in the record indicates that defendants sought leave from the Court to file a sur-reply. See E.D. Mich. LR 7.1(f).

defense to a state-law claim, nor (2) the parties stipulating that the federal defense is the only question truly at issue will allow the defendant to remove a case to federal court based on federal-question jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987).

District court jurisdiction under 28 U.S.C. § 1338 extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988).

### B. Analysis

The complaint alleges one cause of action, namely legal malpractice, which is a state-law tort claim. In Michigan, the elements of a legal malpractice claim are (1) the existence of an attorney-client relationship, (2) negligence in the legal representation of the plaintiff, (3) the negligence proximately caused the plaintiff's injury, and (4) the fact and extent of the injury alleged. Charles Reinhart Co. v. Winiemko, 444 Mich. 579, 585-86 (1994).

Defendants maintained on brief and at oral argument that the calculation of damages in this state-law claim contains an essential element implicating federal law. Specifically, defendants say that, for Adamasu to prove damages in the form of lost royalties and licensing fees as a result of defendants' negligence, he necessarily will have to show (1) the scope of the claims in his patent, and (2) that users of his invention are infringing his patent. This position is wholly without merit. Contrary to what

6

defendants argue, patent law is not a necessary element of Adamasu's claim against them. Rather, patent issues are merely incidental to his legal malpractice claim. Nothing in Adamasu's claim against defendants will require a court to engage in claim construction or to determine if others are infringing his patent. Rather, at the heart of this case is Adamasu's claim that defendants were negligent by failing to perform as reasonably prudent attorneys. When determining whether the Court has subject-matter jurisdiction over a case, the Court does not examine the sufficiency of the parties' evidence with respect to elements of a given claim. That is what defendants are asking the Court to do here.

Defendants attempt to invoke the Court's federal-question jurisdiction solely because the subject matter of their representation of Adamasu involved a United States patent. Simply because the defendants rendered advice on a matter governed by federal law and prosecuted a patent through a federal agency does not constitute an issue that "aris[es] under any Act of Congress relating to patents," as 28 U.S.C. § 1338 requires. See Christianson, 486 U.S. at 809. See also Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 834 (2002) ("Not all cases involving a patent-law claim fall within the Federal Court's jurisdiction.").

SO ORDERED.

Dated: July 5, 2005

   s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, July 5, 2005, by electronic and/or ordinary mail.

   s/Julie Owens
Case Manager, (313) 234-5160

7