UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEBRE ADAMASU,

    Plaintiff,

v.                                                                                              Case No. 05-70389

GIFFORD, KRASS, GROH, SPRINKLE,                           HONORABLE AVERN COHN
ANDERSON & CITKOWSKI, P.C.; and
ELLEN S. COGEN,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION

This is a legal malpractice case. Plaintiff Gebre Adamasu (Adamasu) is suing defendants (1) Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C.; and (2) Ellen S. Cogen for legal malpractice associated with defendants' representation of Adamasu for the prosecution of a patent.

Defendants removed this case from state court to this court on February 2, 2005. Adamasu filed a motion to remand. After considering the parties' papers and having the advantage of oral argument, the Court on July 5, 2005 granted Adamasu's motion and entered a notice remanding this case to Oakland County, Michigan, Circuit Court.

Before the Court is Defendants' Motion for Clarification, Correction and/or Reconsideration. Defendants seek clarification of a sentence in the Court's July 5, 2005 order granting Adamasu's motion to remand. In concluding that the Court does not have subject-matter jurisdiction over this case, the Court noted in its order that, contrary to defendants' assertions, this case does not arise under United States patent law. The

sentence in the order to which defendants lodge objection is as follows:

> Nothing in Adamasu's claim against defendants will require a court to engage in claim construction or to determine if others are infringing his patent.

July 5, 2005 Order at 7.  In their motion for reconsideration, defendants say that they believe that, based on the record before it for Adamasu's motion to remand, the Court could not have concluded that nothing in Adamasu's <u>claim</u> will require a court to engage in claim construction or to determine infringement.  Rather, defendants maintain that nothing on the face of Adamasu's <u>complaint</u> compels that conclusion.

Defendants' motion is GRANTED.  The Court will issue an amended memorandum and order replacing the sentence quoted above with the following sentence:

> Nothing on the face of Adamasu's complaint indicates that a court necessarily would be required to engage in claim construction or to determine if others are infringing his patent.

SO ORDERED.


Dated:  July 25, 2005

 s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, July 25, 2005, by electronic and/or ordinary mail.

 s/Julie Owens  
Case Manager, (313) 234-5160